Rec 134573

Summons issued w/ NC att
NC to mag

ORIGINAL
Szabo
NBS

IN THE UNITED STATES DISTRICT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

1:CV 01-1548

| | | |
|---|---|---|
| Jose Calle and Luz Calle, his wife, | : | CIVIL ACTION NO. ________ |
| Plaintiffs, | : | |
| vs. | : | |
| York Hospital and Dr. Boglarka Szabo, | : | |
| Defendants | : | JURY TRIAL DEMANDED |

FILED
HARRISBURG, PA
AUG 13 2001
MARY E. D'ANDREA, CLERK
Per ________
Deputy Clerk

## COMPLAINT

COMES NOW Jose Calle and Luz Calle, by and through undersigned counsel, and sue the Defendants, York Hospital and Dr. Boglarka Szabo, and in support thereof allege:

1. This is an action for damages in excess of Seventy-Five ($75,000.00) Thousand Dollars.

2. At all times material hereto, the Defendant, York Hospital, was licensed to conduct business in the Commonwealth of Pennsylvania, having its principal place of business at 1001 South George Street, York, York County, and held itself out to be a healthcare provider having the facilities, competent trained personnel and expertise to examine, diagnose, advise and treat patients.

3. At all times material hereto, Dr. Boglarka Szabo was a healthcare provider, licensed to provide healthcare services in the Commonwealth of Pennsylvania

4. The Plaintiffs, Jose Calle and Luz Calle are residents of the State of

Florida.

5. Pursuant to 28 USC §1332, jurisdiction is proper in this Court.

**General Allegations**

6. On or about August 14, 1999, Jose Calle was housed in York County Prison while awaiting sentencing.

7. On August 14, 1999, at approximately 6:30 a.m. Jose Calle experienced classic symptoms of a myocardial infarction, which included but are not limited to chest pain radiating to the upper extremities and shortness of breath.

8. Shortly thereafter, Jose Calle informed the guards at York County Prison of the pain he experienced. Later he was escorted to the prison's infirmary. Thereafter, Jose Calle was transported to York Hospital.

9. While at York Hospital, the doctors and staff, specifically Dr. Szabo, evaluated Jose Calle's medical condition. However, Dr. Szabo and/or other personnel failed to properly treat Jose Calle for his ensuing myocardial infarction.

10. While at York Hospital, Jose Calle suffered another myocardial infarction as a result of the negligent care rendered by Dr. Szabo and/or the staff of York Hospital.

**Count I**
**Medical Negligence Against Dr. Boglarka Szabo**

11. The Plaintiffs reallege and incorporate by reference as more fully set forth herein the allegations contained in Paragraphs one (1) through ten (10) and further state as follows:

12. At all times material hereto, Dr. Szabo was a licensed healthcare

professional rendering medical services at York Hospital. Specifically, on August 14, 1999, Dr. Szabo rendered medical care to Jose Calle.

13. At all times material hereto, Dr. Szabo owed a duty to administer healthcare to Jose Calle in a manner that was in accordance with the prevailing standard of care.

14. Dr. Szabo deviated from the acceptable standard of care in the following respect:

a Failure to properly treat Jose Calle's ensuing and evolving myocardial infarction by failure to use the appropriate therapy including but not limited to anticoagulants;

b Failure to properly treat Jose Calle's ensuing and evolving myocardial infarction by failure to use the appropriate treatment including but not limited to referring Jose Calle to a catheterization lab; and

c Failure to properly treat Jose Calle by failing to perform an angioplasty.

15. As a direct and proximate result of the negligence of Dr. Szabo, Jose Calle suffered physical injuries which are continuing and permanent in nature, pain and suffering, physical disfigurement, loss of earning capacity and incurred medical expenses.

WHEREFORE, the Plaintiffs, Jose Calle and Luz Calle, demand judgment against the Defendant, Dr. Szabo, in an amount in excess of $75,000, together with

interest and costs.

**Count II**
**Vicarious Liability Against York Hospital**

16. The Plaintiffs reallege and incorporate by reference as more fully set forth herein the allegations contained in Paragraphs one (1) through fifteen (15) and further state as follows:

17. The doctors, including Dr. Szabo and/or staff at York Hospital, owed a duty to administer healthcare to Jose Calle in a manner that was in accordance with the prevailing standard of care.

18. At all times material hereto, the doctors, including Dr. Szabo and/or staff at York Hospital were agents, apparent agents, servants and/or employees of York Hospital, and were acting within the course and scope of their employment with York Hospital and in furtherance of its business pursuits.

19. The doctors and/or staff at York Hospital deviated from the acceptable standard of care in the following respects:

a. Failure to properly treat Jose Calle's ensuing and evolving Myocardial Infarction by failure to use the appropriate therapy including but not limited to anticoagulants;

b. Failure to properly treat Jose Calle's ensuing and evolving Myocardial Infarction by failure to use the appropriate treatment including but not limited to referring Jose Calle to a catheterization lab; and

c. Failure to properly treat Jose Calle by failing to perform an angioplasty.

20. As a direct and proximate result of the negligence of the doctors, including Dr. Szabo and/or staff at York Hospital, which occurred during the course and scope of their employment with York Hospital and in furtherance of York Hospital's business pursuits, Jose Calle suffered physical injuries which are continuing and permanent in nature, pain and suffering, physical disfigurement, loss of earning capacity and has incurred medical expenses.

WHEREFORE, the Plaintiffs, Jose Calle and Luz Calle, demand judgment against the Defendant, Dr. Szabo, in an amount in excess of $75,000, together with interest and costs.

**Count III**
**Loss of Consortium Against York Hospital**

21. Plaintiffs re-allege paragraphs one (1) through twenty (20) as though fully set forth herein.

22. At all material times hereto, the plaintiff, Luz Calle, is the wife of the plaintiff, Jose Calle, and they are residing in a family relationship in the State of Florida.

23. As a direct and proximate result of the negligence of York Hospital and its staff, the plaintiff, Luz Calle, has in the past and will in the future suffer the loss of society, companionship and consortium of her husband, Jose Calle.

WHEREFORE, the Plaintiff Luz Calle, demands judgment against the Defendant, Dr. Szabo, in an amount in excess of $75,000, together with interest and costs.

**Count IV**
**Loss of Consortium Against Dr. Boglarka Szabo**

Plaintiffs re-allege paragraphs one (1) through twenty-three (23) as though fully set forth herein.

24. At all material times hereto, the plaintiff, Luz Calle, is the wife of the plaintiff, JoseCalle, and they are residing in a family relationship in the State of Florida.

25. As a direct and proximate result of the negligence of Dr. Boglarka Szabo, the plaintiff, Luz Calle, has in the past and will in the future suffer the loss of society, companionship and consortium of her husband, Jose Calle.

WHEREFORE, the Plaintiff Luz Calle, demands judgment against the Defendant, Dr. Szabo, in an amount in excess of $75,000, together with interest and costs.

**TUCKER ARENSBERG & SWARTZ**
By: Lee C. Swartz
Lee C. Swartz
I.D. No. 07258
111 N. Front St., P.O. Box 889
Harrisburg, PA 17108

and

**DOWNS & ASSOCIATES, P.A.**
Lee Friedland, Esq.
Florida Bar No.: 991163
Aida M. Landa, Esq.
Florida Bar No.: 0136451
101 Madeira Avenue
Coral Gables, FL 33134
Tel.: 305/444-8226

August 13, 2001